IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LOS AMIGOS FIVE, INC. and
MANUEL BALCAREL-VELIZ,

        Plaintiffs,

v.                                                                  Civil Action No. 3:18cv253

CANOPIUS US INSURANCE, INC.,

        Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on the Motion to Remand filed by Plaintiffs Los Amigos Five, Inc. ("Los Amigos") and Manuel Balcarel-Veliz (collectively, "Plaintiffs"). (ECF No. 4.) Plaintiffs move to remand this case to the Circuit Court for the City of Richmond (the "Richmond Circuit Court") for lack of subject matter jurisdiction. Defendant Canopius US Insurance, Inc. ("Canopius") opposes the remand. (Resp., ECF No. 7.) Plaintiffs did not file a Reply and the time to do so has expired. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The matter is ripe for disposition. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332(a).[1] For the reasons that follow, the Court will deny the Motion to Remand.[2]

---

[1] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. Plaintiffs are both citizens of Virginia, Canopius is a citizen of Delaware and Illinois, and the Complaint alleges damages exceeding $75,000.

[2] Because Canopius properly removed this case, the Court also will deny Plaintiffs' request for attorneys' fees for improper removal.

## I. Procedural and Factual Background

The Motion to Remand involves a suit that Plaintiffs filed in the Richmond Circuit Court on April 2, 2018 against Canopius. The Complaint seeks a declaratory judgment of Canopius' contractual obligation under Policy Number OUS010004545 (the "Insurance Policy") to defend and to indemnify Los Amigos in a separate personal injury case between Balcarel-Veliz and Los Amigos (the "Underlying Litigation"), filed June 17, 2017.[3] (Compl. 2–3, ECF No. 1-1.) Although the instant Complaint does not articulate an amount of indemnification sought, the Underlying Litigation complaint "demands judgment against [Los Amigos], in the sum of [$75,000]." (Underlying Litigation Compl. 1–2.) Plaintiffs also seek an award of Plaintiffs' costs and all other relief to which they may be entitled. (Compl. 3.)

Canopius timely removed the declaratory judgment action from the Richmond Circuit Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). (Notice Removal ¶¶ 5–14, ECF No. 1.) Plaintiffs petition this Court to remand the case to the Richmond Circuit Court for lack of subject matter jurisdiction, and request costs and attorneys' fees under 28 U.S.C. § 1447(c). Plaintiffs' Motion to Remand makes no reference to fees or other costs related to Canopius' obligation to defend Los Amigos in the Underlying Litigation. Instead, Plaintiffs solely contend that because Balcarel-Veliz seeks exactly $75,000 in the Underlying Litigation, the amount in controversy in this suit does not exceed $75,000 as required for diversity

---

[3] The Underlying Litigation seeks redress for personal injuries that Balcarel-Veliz sustained at Restaurante Amigos, a restaurant and nightclub operated by Los Amigos. (Underlying Litigation Compl. ¶¶ 1, 3, 6, ECF No. 3-3.) On February 6, 2016, an altercation occurred in the bar area of Restaurante Amigos, and a security guard employed by Los Amigos removed Balcarel-Veliz from the premises. Balcarel-Veliz asserts that he sustained severe bodily injuries in the course of his removal and demands $75,000.

jurisdiction under 28 U.S.C. § 1332(a).[4] (Mem. Supp. Mot. Remand 1, ECF No. 4-1.) Plaintiffs posit that "[t]he amount in controversy is $75,000[,] as determined by the prayer for relief in the Underlying Litigation." (*Id.* 3.)

Canopius opposes the Motion to Remand, arguing that in *this* suit, in addition to the $75,000 indemnification, Los Amigos seeks to enforce Canopius' contractual duty to defend it against covered losses under the Insurance Policy.[5] Specifically, this suit seeks "a declaration that Defendant Canopius is obligated to defend and to indemnify Plaintiff Los Amigos in the Underlying Litigation." (Compl. 3.) Plaintiffs' assertion that the value of the suit is $75,000, according to Canopius, "does not account for the fees and costs that [Canopius] would incur to defend Los Amigos against the Underlying Action." (Resp. ¶ 5, ECF No. 7.) Combined, Canopius argues, the value of the indemnification and defense would exceed $75,000.

Plaintiffs did not file a Reply, leaving Canopius' argument about fees unaddressed.

---

[4] Plaintiffs do not contest that parties are diverse within the meaning of 28 U.S.C. § 1332(a).

[5] Canopius also filed an Answer in this federal court on May 3, 2018, approximately two weeks after the Notice of Removal. (ECF No. 3.) In its Answer, which the Court does not consider in deciding the Motion to Remand, Canopius does not deny that the Insurance Policy exists and requires it to indemnify and defend Los Amigos under certain circumstances. Instead, Canopius refutes any claim that the Insurance Policy requires it to either indemnify or defend Los Amigos in the Underlying Litigation here.
  Specifically, in its Affirmative Defenses, Canopius denotes various endorsements and exclusions in the Insurance Policy, arguing that the cause of action in the Underlying Litigation falls outside the scope of the Insurance Policy. Canopius attaches a copy of the Insurance Policy to its Answer. (Answer Ex. A Pt. 1, ECF No. 3-1; Answer Ex. A Pt. 2, ECF No. 3-2). The Court does not consider the merits of Plaintiffs' claims or Canopius' defenses to determine the amount-in-controversy challenge here.

## II. Legal Standard for Removal and Remand

Under 28 U.S.C. § 1441(a),[6] a defendant may remove a civil action to a federal district court if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). Section 1446 delineates the procedure for removal, including the requirement that the defendant file a notice of removal in the federal district court and the state court. *See* 28 U.S.C. §§ 1446(a), (d). The state court loses jurisdiction upon the removal of an action to federal court. 28 U.S.C. § 1446(d) ("[T]he State court shall proceed no further unless and until the case is remanded."). The removability of a case "depends upon the state of the pleadings and the record at the time of the application for removal . . . ." *Ala. Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 216 (1906); *see also Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) ("the right to remove . . . [is] determined according to the plaintiffs' pleading at the time of the petition for removal.").

"The party seeking removal bears the initial burden of establishing federal jurisdiction." *Abraham v. Cracker Barrel Old Country Store, Inc.*, No. 3:11cv182, 2011 WL 1790168, at *1 (E.D. Va. May 9, 2011) (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). No presumption favoring the existence of federal subject matter jurisdiction exists because federal courts have limited, not general, jurisdiction. *Id.* (citing *Pinkley Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999)). In deference to federalism concerns,

---

[6] Section 1441(a) provides, in pertinent part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

4

courts must construe removal jurisdiction strictly. *Id.* (citing *Mulcahey*, 29 F.3d at 151). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (quoting *Mulcahey*, 29 F.3d at 151).

A federal district court has diversity jurisdiction over "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different states." 28 U.S.C. § 1332(a)(1). When diversity of citizenship provides the grounds for removal, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. . . ." 28 U.S.C. § 1446(c)(2). "The notice of removal may assert the amount in controversy if the initial pleading seeks . . . nonmonetary relief." 28 U.S.C. § 1446(c)(2)(A). When the notice of removal, as here, asserts the amount in controversy, "removal of the action is proper . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(B); *accord Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) ("If a complaint 'does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000].'" (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993))).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *see McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 181 (1936) (noting the "principle that jurisdiction is to be tested by the value of the object or right to be protected against interference"); *Francis*, 709 F.3d at 367; *Liberty Mut. Fire Ins. Co. v. KB Home, Inc.*, No. 4:13CV98, 2013 WL 5739799, at *1 (E.D. Va. Oct. 22, 2013). Although the amount-in-controversy calculation does not generally include attorneys' fees, "courts have created two exceptions to this rule: '(1) if the fees are provided for

by contract; or (2) if a statute mandates or allows payment of [attorneys'] fees.'" *Francis*, 709 F.3d at 368 (quoting *15-102 Moore's Federal Practice*, Civil § 102.106(6)(a)).

### III.
### Analysis:  Diversity Jurisdiction Exists Because the Plaintiffs Seek Both Indemnification and Legal Defense, a Combined Value Exceeding $75,000

The parties' jurisdictional disagreement pertains exclusively to whether the amount in controversy exceeds $75,000 because Plaintiffs concede diversity of citizenship. For the reasons that follow, the Court concludes that the amount in controversy exceeds $75,000. Because diversity of citizenship and the amount in controversy meet jurisdictional requirements, Canopius properly removed the case to this Court. The Court will deny the motion to remand.

Plaintiffs seek two forms of relief in their Complaint:  (1) $75,000 of indemnification in the Underlying Litigation;[7] and, (2) a declaration of Canopius' duty to defend Los Amigos in the Underlying Litigation.[8] To sustain diversity jurisdiction, the Court need only be persuaded that Canopius' duty to defend Los Amigos has a non-zero monetary value.[9] Existing law and

---

[7] In briefing, Plaintiffs preemptively dispute that the amount sought in the Underlying Litigation represents a bad faith manipulation of the removal process. Because Canopius does not raise the issue of bad faith, the Court declines to engage in a *sua sponte* bad faith analysis.

[8] As noted previously, Canopious concedes that "[t]he prospective defense costs for defending the Underlying Litigation are provided for in the [Insurance Policy], and are supplementary to the $1 million policy limits," (Resp. 7), while preserving its argument in its Answer that provisions of the policy would ultimately eliminate both its duty to indemnify and defend in this case. Plaintiffs do not deny that fees could be at issue; indeed they seek a declaration that Canopious has the duty to defend. These positions, taken together, suffice to establish, certainly by a preponderance of the evidence, that the amount in controversy plausibly could include fees.

[9] Canopius argues that the insurance policy at the crux of the dispute potentially indemnifies Los Amigos up to $1,000,000. Plaintiffs counter that the relevant amount is $75,000, the amount demanded in the Underlying Litigation and which falls below the jurisdictional minimum. Because the Court concludes that the amount in controversy exceeds $75,000 due to the combined value of the $75,000 indemnification demand and the invocation of the duty to defend, the Court need not address Canopius' "potential indemnification" argument.

6

common sense persuade the Court that the duty to defend here has value. *See Francis*, 709 F.3d at 368.

In actions seeking declaratory judgment, "the amount in controversy is measured by the value of the object of the litigation." *Hunt*, 432 U.S. at 347. Although the Complaint before this Court cites no specific amounts, all parties agree that the value of indemnification sought in the Underlying Litigation is $75,000. The Complaint also seeks a declaration of Canopius' contractual obligation to defend Los Amigos in the Underlying Litigation. Whether the amount in controversy exceeds $75,000 therefore turns on whether compelling enforcement of the duty to defend holds monetary value.

The amount-in-controversy calculation generally does not include attorneys' fees, but "courts have created two exceptions to this rule: (1) if the fees are provided for by contract; or (2) if a statute mandates or allows payment of [attorneys'] fees." *Francis*, 709 F.3d at 368 (internal quotations omitted). Here, Plaintiffs seek to enforce Canopius' contractual duty to both indemnify and defend Los Amigos in the Underlying Litigation. Should Plaintiffs prevail, enforcing Canopius' duty to defend would necessarily entail compelling Canopius to pay attorneys' fees and litigation expenses on Los Amigos' behalf in the Underlying Litigation, in addition to any indemnification up to $75,000. Accordingly, as Canopius properly observes, its "exposure for *both* defense and indemnity for the Underlying Action clearly exceeds the $75,000 jurisdictional threshold." (Resp. ¶ 5 (emphasis in original).)

Case law and common sense mandate this conclusion. The Court of Appeals for the Fourth Circuit's decision in *Francis v. Allstate* controls the Court's determination. *See* 709 F.3d at 366–69. In *Francis*, the plaintiffs sought a declaratory judgment that their insurer was required to perform three duties: (1) defend them in an underlying action for defamation; (2)

indemnify them in the underlying action;[10] and, (3) pay for the attorneys' fees associated with the declaratory judgment suit.[11] *Id.* at 367. When the insurance provider removed the case to federal court citing diversity jurisdiction, the plaintiffs moved to remand, asserting that the $66,347 they had expended on defense fees in the underlying defamation suit did not satisfy the amount in controversy requirement. *Id.* at 366–68. Citing the three forms of relief requested in the initial complaint, the trial court found that the additional attorneys' fees likely to be incurred in pursuing the declaratory judgment suit would satisfy the amount in controversy when combined with the defense fees Plaintiffs had already expended. *Id.* at 367–69.

No party in *Francis* had placed evidence on the record regarding the amount of declaratory judgment attorneys' fees. Still, the district court found—and the Fourth Circuit agreed—that "[e]xperience and common sense suggest that the Plaintiffs' attorneys' fees in [the declaratory judgment] case will exceed $8,653—the difference between $75,000 and the $66,347 the Plaintiffs spent in [the underlying action]." *Id.* at 368 (quoting *Francis v. Allstate Ins.*, 869 F.Supp.2d 663, 670 (D.Md. 2012)). *Francis* thus instructs that if a complaint "does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Id.* at 367 (internal quotations omitted).

As in *Francis*, no evidence exists before this Court regarding the amount of attorneys' fees associated with defending Los Amigos in the Underlying Litigation. But this Court is

---

[10] At the time of removal in *Francis*, the indemnification issue was moot because the underlying defamation suit had already been resolved in the defendants' favor. *See Francis*, 709 F.3d at 367.

[11] Maryland law allowed for recovery of these fees. *See Francis*, 709 F.3d at 368 (citing *Bankers & Ship. Ins. v. Electro Enter.*, 287 Md. 641 (1980) and Md. Code Ann., Cts. & Jud. Proc. § 3-412).

equally able to conclude that "experience and common sense" establish, certainly by a preponderance of the evidence, that the attorneys' fees associated with the defense of Plaintiffs would exceed zero dollars here. Indeed, the large amount of money that Los Amigos would likely incur to defend itself in the Underlying Litigation suggests that Los Amigos substantially values its request to enforce the duty to defend because enforcement would shift these defense costs from Los Amigos to Canopius.

## IV. Conclusion

Canopius timely removed the Richmond Circuit Court case pursuant to 28 U.S.C. § 1332(a), which allows removal when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* Canopius has established by a preponderance of the evidence that Plaintiffs seek relief exceeding $75,000 by demanding both indemnification up to $75,000 and a declaration that Canopius defend Los Amigos in the Underlying Litigation. Given the extant diversity of parties, Canopius properly removed this action to Federal Court. This Court has jurisdiction to preside over the matter.

For the foregoing reasons, the Court will deny the Motion to Remand. (ECF No. 4.)

An appropriate order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 10/29/18
Richmond, Virginia

9